PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENRIQUE RAMÍREZ BRAU, Defendant and Appellant.

No. 4129.   Argued November 21, 1930.—Decided March 31, 1931.

*José Tous Soto* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Enrique Ramírez Brau was convicted, in effect, of having violated the first section of the order (*resolución*) adopted by the Insular Board of Elections on October 29, 1928, and he appealed.

Section 12 of the existing Election Law, No. 79, of June 25, 1919 (Laws of that year, page 530), as amended by Act No. 74 of 1923, page 560, provides:

"The Insular Board of Elections shall have charge of the supervision and direction of the elections in Porto Rico; may approve rules and regulations to carry out the provisions of this Act not in contradiction or conflict therewith, which rules and regulations to have the force of law shall be approved by the Governor . . ."

Section 97 *a* of the same act, added to by Act No. 15 of May 12, 1920, provides:

"Any person who violates any provision of this Act for which no other penalty is prescribed by the same or by the Penal Code of Porto Rico, and any person who violates any rule or regulation of the Insular Board of Elections legally adopted and proclaimed as authorized by Section 12 of this Act, shall be guilty of a misde-

meanor, and upon conviction thereof in a court of competent juris-diction, shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars or imprisoned not less than one month, nor more than six months, or by both such fine and imprisonment, in the discretion of the court.''

The Insular Board of Elections made on October 29, 1928, and with the approval of the Governor passed the following resolution:

''That every elector, upon delivering his ballots to one of the inspectors of elections and before it is deposited in the ballot box, shall be required to mark the tip of the thumb of his right hand with a harmless chemical solution, not easily removable, which shall be supplied to each polling place by the General Supervisor of Elections and used in accordance with instructions to be approved by the Insular Board of Elections; *Provided*, That any elector, who because of injury can not mark his right thumb, shall mark one of the fingers of his right hand, or, if this is impossible, of his left hand.''

The crime charged was substantially as follows:

''. . . the said defendant Enrique Ramírez Brau on November 6, 1928, date on which the last general elections were held in Porto Rico, in the City of Ponce, Porto Rico, which also forms part of the Judicial District of that name, unlawfully and willfully, being a qualified elector, upon delivering his ballot to the inspector of polling place No. 16 of the First Precinct of Ponce, Porto Rico, and before depositing said ballot in the ballot box, did not mark and refused to mark the tip of the thumb of his right hand with the chemical solution supplied for that purpose to said polling place by the General Supervisor of Elections, in conformity with a Rule of the Insular Board of Elections, legally approved and adopted in a session held October 30th of said year by the Hon. Governor of Porto Rico, H. M. Towner, in accordance with Section 12 of the Act of Registrations and Elections of Porto Rico.''

The two first assignments of error may be treated together. They are as follows:

''1.—The District Court of Ponce erred in holding that the Insular Board of Elections and the Governor had authority to adopt

the resolution requiring electors to mark the tip of the thumb before depositing their ballot in the ballot box.

"2.—The district court erred in holding that the Legislature of Porto Rico could delegate to the Insular Board of Elections the power to declare that certain acts are criminal and to fix penalties for the omission or commission of such acts."

In logical order, we should say that the Legislature of Puerto Rico has no power to require a citizen to stain his finger with ink under any circumstances. Among other things, as pointed out by appellant, we do not think that the Legislature has any right to put this stigma on a citizen so that he should appear in the community under a suspicion. The appellant also draws attention that there are other ways of preventing frauds under the election law itself. It is probably not much of an argument, but the appellant also draws attention to the fact that at certain times the crafty politicians of an opposite party might induce voters to ink their thumbs and thus make it difficult, if not impossible, for them to vote. The main point, however, is that the right of every man to keep his body intact from any discoloration or stain is absolute. At least, we do not know even of any right to mark the bodies of prisoners. An act of this kind passed by the Legislature would not be within its powers, and would be unconstitutional and void, if for no other reason, in not being due process of law.

Therefore, in the same way as the stream can not flow higher than its source, the Legislature may not delegate such a power to the Insular Board of Elections.

However, supposing the Legislature, by construction of the law, had such a power, it could not be delegated to the Insular Board of Elections. It creates a new crime. We reviewed the authorities, especially *United States* v. *Eaton*, 144 U. S. 677, 688, and decided to the contrary in *People* v. *Carril*, 41 P.R.R. 266.

The Legislature, by giving authority to the Insular Board of Elections to make reasonable rules and regulations, did

not delegate to it the power to cause a citizen to stain his finger with ink before voting.

Passing to more general considerations, some of them perhaps raised by the appellant, it may be said that if this resolution were presented in an act of the Legislature it would be void for uncertainty or indefiniteness. The sanction of the law fixed is not that a citizen should be punished if he voted without having stained his finger with ink, but merely requiring him to stain his finger in the act of voting. *Non constat* that he may present himself at the booth, obtain a ticket and then refuse to vote because he will not stain his finger. There could be no possible crime if a citizen refused to vote, specially under the conditions. To be sure, he runs the risk of being excluded at the next election, but that is another matter. No power is conferred on anybody to prevent a man from voting who has his finger stained with ink.

The right to vote is constitutionally guaranteed in Puerto Rico, and any vague disposition of a law, as in the instant supposition, is void for uncertainty and indefiniteness.

The appellant assigned other errors, among them, that the experts in this case failed to show that the ink was even temporarily ineradicable, and the court found against him. We find it unnecessary to discuss this point, as the judgment must be reversed on other grounds.